PHILIP M. MANNING, Appellant, v. THE STANDARD
THEATER COMPANY, Respondent.

St. Louis Court of Appeals November 12, 1895.

Jurisdiction, Appellate: APPEAL FROM TAXATION OF COSTS. An
order taxing the costs of a suit is merely an incident of that suit; and
a separate appeal to this court from an order denying a motion for
the recall of an execution for costs is not warranted, where an
appeal from a judgment on the merits of the cause is pending in the
supreme court.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

TRANSFERRED TO SUPREME COURT.

*M.* and *James R. Kinealy* for appellant.

*T. J. Rowe* for respondent.

ROMBAUER, P. J.—The plaintiff took an appeal
from an order of the court, refusing to recall an execu-
tion which has been issued against him for the amount
of the fees of a special commissioner and a stenographer
appointed to take the testimony of a witness. We are
requested to dismiss the appeal on the ground that the
order is one from which no appeal lies.

The case, in which the costs were taxed, is an
action of ejectment. It appears from the transcript of
the record before us that the plaintiff in the action was
compelled to take a nonsuit, but it does not appear
what became subsequently of the main case. On our
suggestion the parties have filed a stipulation, by which
it appears that the main case was appealed to the
supreme court and is now pending there on appeal.

The order taxing these costs is a mere incident to the main suit. The fact, that the plaintiff has saved his exceptions to the order by separate bill, does not warrant a separate appeal to a court other than the one in which the appeal in the main case is pending. Hence, we must order the transfer of this case to the supreme court, which has exclusive jurisdiction of the appeal in that case.

All the judges concurring, it is ordered that this case be transferred to the supreme court.